## Case No. 2,505.

### CASTER v. WOOD.

[Baldw. 289.][1]

Circuit Court, E. D. Pennsylvania. April Term, 1831.

ANSWER—AMENDMENT — SUPPLEMENTAL ANSWER.

1. Where a defendant had answered generally to a matter. of which he had no particular knowledge, he was allowed to file a supplemental answer on the same subject, after he had acquired particular information concerning it. He may introduce into such answer, new matter which has come to his knowledge since filing the original answer on furnishing the opposite party with the names of the witnesses by whom he expects to prove it.

[Cited in Reed v. Crowley, Case No. 11,644.]

2. Applications to amend an answer are in the discretion of the court.

The defendant had filed his answer on the 19th of March, 1831; on the 21st of April, Mr. Brashears moved for leave to file an additional answer, as an amendment to the one filed. This motion was founded on an affidavit of the defendant, stating that at the time of filing his answer, he had only a general knowledge of the facts referred to in the first part of the amended answer now offered; that from ignorance of the particulars, he was obliged to answer generally, and he did not obtain possession of the papers and documents, which were necessary to give him information, which would enable him to answer with any particularity till the 19th of April; that at the time of filing his answer, he was entirely ignorant that Edward Livingston had filed a bill in the equity side of the circuit court of the district of New York, against the complainant in this case, concerning the title to the lands embraced in the contract between him and the defendant, which is the subject matter of the present suit. But that such bill has been filed by said Livingston, the knowledge of which did not come to defendant till about the 1st of April, and that the said bill is referred to and annexed to the amended answer now offered.

In support of the motion, Messrs. Brashears and Sergeant referred to 2 Madd. 375, 376, and 4 Madd. 21, 27, for the general principles on which answers are permitted to be amended.

Mr. Budd and Mr. Binney opposed the motion, on the authority of the cases in 10 Ves. 401; 2 Mer. 57; and 2 Ves. & B. 256.

BY THE COURT. Applications to amend an answer are not grantable of course, but depend on the discretion of the court. They are viewed more favourably when made to reform an answer, than when made to take it off the file and substitute a different one; the former is allowed in many cases, the latter only in special cases, where the conscience of the court is satisfied that the purposes of justice require it. 4 Madd. 28; 4 Johns. Ch. 375, 376.

As a general rule, the plaintiff is entitled to the benefit of all the admissions of the defendant on oath, and it must be a clear case where the answer will be permitted to be taken from the file. But the present motion is merely to amend and explain matter not fully stated in the answer, on account of the partial information then possessed by the defendant, and the introduction of new matter since come to his knowledge, deemed material to the case. We think it comes within the established rules of courts of equity, and therefore allow the amendment, imposing on the defendant the condition of furnishing the opposite party with the names of the witnesses whose depositions he intends to take.

═══

CASTILLERO (UNITED STATES v.). See Cases Nos. 14,746 and 14,747.

---

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]